OPINION
Defendant Reccardo Duane Semedo, appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of having a weapon under disability in violation of R.C. 2923.13, after a jury verdict of guilty. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I.
 THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR II.
 THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
ASSIGNMENT OF ERROR III.
 THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE WAS AN ABUSE OF DISCRETION AND NOT SUPPORTED BY THE RECORD.
The record indicates on February 7, 1997, the Canton Police Department executed a search warrant at appellant's residence in Canton, Stark County, Ohio. In the process of executing the warrant, Detective John Miller entered a bedroom and observed appellant sitting in a chair. As he entered, the officer observed appellant throw a black square object past the detective and into the bedroom closet. Miller testified the black square object appeared to be an automatic pistol. Another detective examined the closet and found a loaded .380 Lorcin pistol in the closet. Appellant was arrested and searched, and was discovered to have six rounds of .380 caliber ammunition in his pants pocket. Testing demonstrated the weapon was operable, but the gun was not tested for fingerprints.
Appellant's cousin testified on behalf of the defense that the gun belonged to him, not to appellant.
 I
Appellant first urges his conviction was against the manifest weight of the evidence. Appellant argues Detective Miller, the only person who can physically connect appellant with the gun, gave inherently weak testimony. Miller's testimony was that immediately upon entering the room he saw the appellant throw an object into the bedroom closet. Appellant argues Miller had very little time to observe the activity. At the time the warrant was executed, there was no electricity provided to the house, and the only light source in the room at the time was a small gas operated camping light. The closet door was closed, except for a portion of the top of the door which was missing. Further, police failed to corroborate Detective Miller's testimony with a fingerprint analysis of the gun.
Police records of the scene differ. The officer who took the photographs that night testified he first saw the gun lying on a table inside the room, not in the closet. Another detective testified the gun was photographed in the closet prior to being removed. The inventory portion of the search warrant listed the handgun as found on appellant's person. The inventory does not list the bullets allegedly found on appellant's person. Appellant argues the above demonstrates reasonable doubt as to whether appellant actually had possession or control of the handgun.
In State v. Thompkins (1977), 78 Ohio St.3d 380, the Ohio Supreme Court revisited the issues of sufficiency and weight of the evidence, and held the two concepts are both quantitatively and qualitatively different. Our standard of reviewing claims a judgment is against the sufficiency of the evidence is to determine whether the evidence presented is legally adequate to sustain a verdict, Thompkins at 386, citing State v. Robinson
(1955), 162 Ohio St. 486. By contrast, a claim that a judgment is against the weight of the evidence requires a court to determine whether the party having the burden of proof has presented the greater amount of credible evidence to sustain the issue,Thompkins at 387, citing Tibbs v. Florida (1982), 457 U.S. 31. In reviewing a sufficiency of the evidence claim, the reviewing court construes the evidence in the light most favorable to the prosecution, while in manifest weight cases, the court must consider all the evidence produced at trial, with deference to the jury's conclusion, Thompkins at 390 (Cook and Stratton concurring) citing State v. DeHass (1967), 10 Ohio St.2d 230.
We have reviewed the record, and we find the jury's verdict is supported by the weight of the evidence.
The first assignment of error is overruled.
 II
Next, appellant argues he was not afforded the effective assistance of counsel. In Strickland v. Washington (1984),466 U.S. 668, the United States Supreme Court devised a two-prong test to apply to claims of ineffective assistance of counsel. First, the accused must show that counsel's performance fell below an objective standard of reasonable representation, and secondly, that the appellant was prejudiced by counsel's ineffectiveness. Ohio uses the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 136.
Appellant argues trial counsel was ineffective in the manner in which he presented the testimony of appellant's cousin, the alleged true owner of the gun. Appellant's cousin testified he did not wish to get caught with the gun in his vehicle, so he placed the gun on the bedroom dresser in appellant's presence several days prior to the search. Appellant argues this testimony admits appellant's knowledge and acquisition of the gun, and in effect admits the gun was within his possession or control.
As the State points out, the State had already presented evidence on each element of the offense. Counsel could have presented the cousin's testimony as a "benevolent explanation" for the gun's presence in appellant's home. In fact, appellant's cousin testified he left the gun in the bedroom because appellant had specifically warned him about carrying it. We agree with the State, trial counsel made a strategic attempt to explain why the gun was in appellant's bedroom in a manner sympathetic to appellant.
The State also urges that appellant has failed to demonstrate the allegedly ineffective performance actually prejudiced his ability to receive a fair trial. Our standard of reviewing this claim is to determine whether, but for the allegedly ineffective performance, the outcome of the trial would have been different.
We find appellant has not demonstrated he was prejudiced by any ineffective assistance of his trial counsel.
The second assignment of error is overruled.
 III
R.C. 2929.14 provides:
 (A) Unless a mandatory prison term is required by division (f) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense, related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to chapter 2151. Of the Revised Code or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to chapter 2151. Of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) the offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
The trial court sentenced appellant to the maximum sentence allowable for a fifth degree felony. Appellant argues this was an abuse of discretion. As the Supreme Court has frequently noted, abuse of discretion ". . . implies that the court's attitude is unreasonable, arbitrary or unconscionable. . . ." See e.g. State v.Adams (1980), 62 Ohio St.2d 151 at 157.
The trial court noted appellant had prior felony convictions, although it did not recite what the convictions were for.
The trial court did recite the statutory sentencing factors and explained why it considered appellant's conduct serious. The court noted its purpose is to protect the public from future crimes and the court felt appellant had failed to rehabilitate himself. The court also noted in its opinion it is extremely dangerous to throw a loaded weapon with a round in the chamber against a wall or hard object in a crowded room. It would have been very easy for the weapon to go off, injuring anyone. Not only was the weapon fully loaded, but appellant had additional rounds in his pocket. The court concluded the offense warranted the maximum sentence, and, while this is a severe penalty, nevertheless, this court cannot find the court abused its considerable discretion in imposing a sentence permitted by the Revised Code for a crime of which appellant was found guilty.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J. and Hoffman, J.
 JUDGMENT ENTRY
CASE NO. 97CA00178
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.